## JONES v STATE OF FLORIDA

Case No. 89-0008-AC A02 (County Court Case Nos. 88-16249-TC A04 and 88-90458-TI A04)

Fifteenth Judicial Circuit, Palm Beach County

October 2, 1989

### APPEARANCES OF COUNSEL

**Dominick Grosso, Esquire,** for appellant.

**David Bludworth,** State Attorney, for appellee.

Before CARLISLE, COHEN, MILLER, JJ.

22

## OPINION OF THE COURT

CARLISLE, J.

This appeal presents two issues:

1. The propriety of a blood test, and

2. Whether the trial court should have granted a continuance so counsel could be present.

There was a traffic accident and appellant was severely injured.[1] There was ample probable cause to believe that he had been drinking. He was taken to a hospital where blood was drawn and found to contain .23 alcohol.

The case was set for trial twice, and continued twice - once for the State and once for the defense. On November 17, 1988, the case was set for trial on January 11, 1989. On January 6, 1989, defendant filed a Motion for Continuance alleging that two depositions must be taken to complete discovery and that counsel would be out of the State on January 11, 1989. The trial court denied that motion.

On January 11, 1989, a Mrs. Rose showed up and represented the defendant. Mrs. Rose raised the issue of the nonappearance of witnesses Kaopke and Wolfer but acknowledged that they were present in court. Aside from not having deposed those witnesses, Mrs. Rose made no claim that she was unable to adequately represent Mr. Jones.

On January 11, 1989, the court heard the testimony of Tom Carroll, the chemist. The court then recessed until Friday, January 13, 1989. After hearing the testimony of many witnesses, the court found Mr. Jones guilty (TT. 148).

We affirm. Section 316.1932(c) F.S. provides for a blood test if a person appear for treatment at a hospital, clinic, or other medical facility as a result of his involvement as a driver in a motor vehicle accident, and the administration of a breath or urine test is impractical or impossible. Jones was undoubtedly seriously injured and it would have been extremely impracticable or impossible to do a breath test. Therefore the blood test was proper.

The trial court was under no obligation to issue a continuance so a particular defense counsel could be present. There was ample time for

---

[1] At the scene of the accident the paramedics found defendant unconscious. "It did not look like he was alive," and they could not get a pulse. His head, shoulders and arms were hanging out of the window of the car. When the paramedics tried to insert a tube in his trust he regained consciousness. The police officers thought he was going to die. He was unable to answer questions from the doctors.

the completion of discovery. The court was justified in denying the Motion for Continuance on that ground. It was certainly within the discretion of the court to deny a continuance on the ground that counsel would be out of state. Under those circumstances counsel had an obligation to either attend the trial or arrange for substitute counsel. She apparently chose the latter.

There is no evidence in the record that indicates that Mrs. Rose was less than adequate. She did not assert that she would be unable to try the case. In any case, there was a continuance from the 11th to the 13th. She had ample time to prepare.

The decision of the trial court is affirmed.